**First National Bank of Normal, Illinois et al., Appellants, v. George E. Blair et al., Appellees.**

**Gen. No. 8,570.**

Opinion filed April 27, 1932.

John F. Twomey and John M. Sullivan, for appellants.

Mann & Coleman, for certain appellee.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

In this case an appeal is prosecuted from a decree of the circuit court of Vermilion county holding that Nancy A. Blair was an accommodation signer on a note secured by a trust deed, and that her signature was procured without consideration.

We find on consideration of the case that the abstract filed by the appellants herein is insufficient; and that it does not comply with the requirements of Rule 4 of this court, the first requirement of which rule is that the abstract should be a complete abstract of the record. The abstract in file herein is not sufficiently complete to enable this court intelligently to consider and determine whether the errors assigned

are well taken. This is a foreclosure proceeding to foreclose a mortgage or trust deed executed by the appellees, George E. Blair, Clementine Blair and Nancy A. Blair. When the cause was at issue, it was referred to the master in chancery who heard the evidence and made a report to which objections were filed by the appellants; and afterwards also exceptions. The court rendered a decree confirming the report of the master but the decree is not abstracted. Most of the errors assigned relate to the findings of the court in this decree, namely: the court erred in not sustaining the exceptions to the master's report. The exceptions, however, are not abstracted. Another error assigned is that the court erred in not holding that the trust deed was not a valid lien on the land of the appellee, Nancy A. Blair, and that it erred in holding that the trust deed was a lien only on the land of George E. Blair, but the trust deed referred to is not abstracted. Another assignment of error is that the court erred in holding that Nancy A. Blair was not liable on her note described in said trust deed; but the note referred to is not abstracted. Another assignment of error is that the court erred in holding that the equities were with Nancy A. Blair; also, that the court erred in holding that the trustee in the trust deed, prior to its execution, was agent for the holders of the notes secured thereby.

Another deficiency of the abstract is that it does not show that the evidence abstracted was all the evidence in the case. It is therefore apparent that the abstract is not complete; and that it does not contain matters which are vital and necessary in consideration of the assignments of error. In accordance with the settled practice in this State, it is proper therefore to affirm the decree appealed from. *Chicago Record-Herald Co. v. Fred Bender Store Fixture Co.*, 207 Ill. App. 152.

The decree is therefore affirmed.

*Affirmed.*